IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFF BRUNECZ and JULIE ANN CHAPMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>WARREN GENERAL HOSPITAL<br><br>Defendant | Docket No. 1:24-cv-00203-SPB |

**WARREN GENERAL HOSPITAL'S ANSWER AND AFFIRMATIVE DEFENSESTO AMENDED COMPLAINT**

AND NOW, comes the Defendant, Warren General Hospital by and through its counsel, Knox McLaughlin Gornall & Sennett, P.C., and files this Answer and Affirmative Defenses to Amended Complaint, stating as follows:

1. It is denied that Defendant improperly disclosed any Private Information of Plaintiffs and any proposed class members to third parties.

2. These allegations refer to a writing that speaks for itself. They are denied to the extent they differ from or seek to characterize that writing. It is further denied that the cited to documents are relevant to this matter.

3. After reasonable investigation, Defendant's lacks sufficient information to determine the trust of these allegations and, therefore, they are denied.

4. These allegations refer to a writing that speaks for itself. They are denied to the extent they differ from or seek to characterize that writing. It is further denied that the cited to documents are relevant to this matter.

5. Admitted.

6. Denied.

7. These allegations refer to webpages that existed on Defendant's website. Those webpages speak for themselves and Defendant denies these allegations to the extent that they differ from or seek to characterize those webpages.

8. Denied.

9. After reasonable investigation, Defendant's lacks sufficient information to determine the trust of these allegations and, therefore, they are denied.

10. It is admitted only that, for a discrete period of time, the Pixel was enabled on portions of Defendant's non-authenticated, publicly accessible web pages. It is specifically denied that the Pixel, or any other code or settings, resulted in the improper disclosure of Private Information.

11. Denied.

12. After reasonable investigation, Defendant's lacks sufficient information to determine the trust of these allegations and, therefore, they are denied.

13. After reasonable investigation, Defendant's lacks sufficient information to determine the trust of these allegations and, therefore, they are denied.

14. After reasonable investigation, Defendant's lacks sufficient information to determine the trust of these allegations and, therefore, they are denied.

15. After reasonable investigation, Defendant's lacks sufficient information to determine the trust of these allegations and, therefore, they are denied.

16. Denied.

17. Denied.

18. It is denied that Defendant transmitted any Private Information to any third parties via CAPI, or any other code or setting. After reasonable investigation, Defendant lacks sufficient information to determine the truth of the remaining allegations in this paragraph and, therefore, they are denied.

19. Denied.

20. It is denied that Defendant transmitted any Private Information to any third parties via Pixel, Capi or any other tracking technology. After reasonable investigation, Defendant lacks sufficient information to determine the truth of the remaining allegations in this paragraph and, therefore, they are denied.

21. It is denied that Defendant transmitted any Private Information to any third parties via Pixel, Capi or any other tracking technology.

22. It is denied that Defendant transmitted any Private Information to any third parties via Pixel, Capi or any other tracking technology.

23. These allegations refer to writings that speak for themselves. They are denied to the extent they differ from or seek to characterize those writings.

24. These allegations constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, they are denied.

25. Denied.

26. Denied.

27. Denied.

28. Defendant denies that Plaintiffs are entitled to the relief requested.

**PARTIES**

29. It is denied that Defendant disclosed Private Information of any person. After reasonable investigation, Defendant is unable to determine the truth of the remaining allegations of this paragraph and, therefore, they are denied.

30. It is denied that Defendant disclosed Private Information of any person. After reasonable investigation, Defendant is unable to determine the truth of the remaining allegations of this paragraph and, therefore, they are denied.

31. Admitted.

**JURISDICTION & VENUE**

32. These allegations constitute legal conclusions, to which no response is required.

33. It is admitted only that Defendant maintains its principal place of business within the Commonwealth. The remaining allegations constitute legal conclusions, to which no response is required.

34. It is admitted only that Defendant maintains it principal place of business within the Commonwealth. The remaining allegations constitute legal conclusions, to which no response is required.

## COMMON FACTUAL ALLEGATIONS

### A. Background

35. Admitted

36. Admitted.

37. Admitted

38. It is admitted only that WGH maintains both a public facing website, and an authenticated patient portal. The public-facing website is available to anyone. The Patient Portal requires a username and password and is only accessible to individuals with such credentials. The remaining allegations are denied.

39. These allegations refer to writings that speak for themselves. They are denied to the extent they differ from or seek to characterize those writings.

40. It is admitted only that Defendant enabled meta pixel on the publicly accessible portions of its website for a discrete period of time. It is denied that Defendant currently has metal pixel or similar applications enabled. The remaining allegations of this paragraph are denied.

41. Denied.

**i. Facebook's Business Tools and the Meta Pixel**

42. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

43. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

44. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

45. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

46. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

47. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

48. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

49. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

50. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

51. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

52. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

**ii. Defendant's method of transmitting Plaintiffs' and Class Members' Private Information via the Meta Pixel and/or Conversions API i.e., the Interplay between HTTP Requests and Responses, Source Code, and the Meta Pixel**

53. These allegations require expert analysis and, as a result, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

54. These allegations require expert analysis and, as a result, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

55. These allegations require expert analysis and, as a result, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

56. These allegations require expert analysis and, as a result, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

57. These allegations require expert analysis and, as a result, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

58. These allegations require expert analysis and, as a result, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

59. These allegations require expert analysis and, as a result, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

60. These allegations require expert analysis and, as a result, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

61. These allegations require expert analysis and, as a result, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

62. These allegations require expert analysis and, as a result, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

63. These allegations require expert analysis and, as a result, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

64. These allegations require expert analysis and, as a result, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

65. These allegations require expert analysis and, as a result, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

66. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

67. These allegations require expert analysis and, as a result, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

68. Denied.

69. Denied.

70. Denied.

**iii. Defendant Violated its own Privacy Policies**

71. It is admitted that WGH maintains privacy policies. The remaining allegations of this paragraph are denied.

72. These allegations refer to writings that speak for themselves. They are denied to the extent they differ from or seek to characterize those writings.

73. It is denied that Defendant disclosed any PHI/Private Information to third-parties. The remaining allegations refer to writings that speak for themselves. They are denied to the extent they differ from or seek to characterize those writings.

74. These allegations refer to writings that speak for themselves. They are denied to the extent they differ from or seek to characterize those writings.

75. It is denied that Defendant disclosed any PHI/Private Information to third-parties.

76. Denied.

77. Denied.

**iv. WGH Unauthorizedly Disclosed Plaintiffs' and the Class's Private Information**

78. It is admitted only that Defendant does not presently enable Meta Pixel or similar applications. The remaining allegations of this paragraph are denied.

79. It is admitted only a pixel or similar application was enabled on Defendant's public facing, unauthenticated web pages during a discrete period of time. The remaining allegations are denied.

80. It is admitted only a pixel or similar application was enabled on Defendant's public facing, unauthenticated web pages during a discrete period of time. The remaining allegations are denied.

81. It is admitted only a pixel or similar application was enabled on Defendant's public facing, unauthenticated web pages during a discrete period of time. The remaining allegations are denied.

82. Denied.

83. Denied.

84. Denied.

85. These allegations require expert analysis and, as a result, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

**WGH Disclosed Patients' PHI**

86. Denied.

87. These allegations require expert analysis and, as a result, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

88. These allegations require expert analysis and, as a result, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

89. These allegations require expert analysis and, as a result, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

90. These allegations require expert analysis and, as a result, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

91. These allegations require expert analysis and, as a result, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

92. These allegations require expert analysis and, as a result, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

93. These allegations require expert analysis and, as a result, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

94. These allegations require expert analysis and, as a result, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

95. These allegations require expert analysis and, as a result, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

96. These allegations require expert analysis and, as a result, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

97. These allegations require expert analysis and, as a result, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

**WGH Disclosed Patient Status**

98. Denied.

99. These allegations require expert analysis and, as a result, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

100. These allegations require expert analysis and, as a result, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

101. These allegations require expert analysis and, as a result, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

102. These allegations require expert analysis and, as a result, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

103. These allegations require expert analysis and, as a result, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

104. These allegations require expert analysis and, as a result, Defendant lacks sufficient information to form a belief as to the truth of the allegations and therefore denies the allegations.

105. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

106. Denied.

107. Denied

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. These allegations constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, they are denied.

**B. Plaintiff Jeff Brunecz's Experience**

114. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

115. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

116. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

117. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

118. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

119. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

**C. Plaintiff Julie Ann Chapman's Experience**

124. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

125. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

126. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

127. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

128. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

129. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

**D. Investigations and Reports Reveal the Meta Pixel's Impermissible Collection of PHI**

135. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

136. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

137. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

138. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

139. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

140. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

141. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

142. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

**E. WGH Violated HIPAA Standards**

143. These allegations constitute legal conclusions, to which no response is required.

144. These allegations constitute legal conclusions, to which no response is required.

145. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

146. These allegations refer to writings that speak for themselves. They are denied to the extent they differ from or seek to characterize those writings.

147. These allegations refer to writings that speak for themselves. They are denied to the extent they differ from or seek to characterize those writings.

148. These allegations refer to writings that speak for themselves. They are denied to the extent they differ from or seek to characterize those writings.

149. These allegations refer to writings that speak for themselves. They are denied to the extent they differ from or seek to characterize those writings.

150. These allegations refer to writings that speak for themselves. They are denied to the extent they differ from or seek to characterize those writings.

151. These allegations refer to writings that speak for themselves. They are denied to the extent they differ from or seek to characterize those writings.

152. These allegations refer to writings that speak for themselves. They are denied to the extent they differ from or seek to characterize those writings.

**F. WGH Violated FTC Standards, and the FTC and HHS Take Action**

153. These allegations refer to writings that speak for themselves. They are denied to the extent they differ from or seek to characterize those writings.

154. These allegations refer to writings that speak for themselves. They are denied to the extent they differ from or seek to characterize those writings.

155. These allegations refer to writings that speak for themselves. They are denied to the extent they differ from or seek to characterize those writings.

156. These allegations refer to writings that speak for themselves. They are denied to the extent they differ from or seek to characterize those writings.

157. These allegations refer to writings that speak for themselves. They are denied to the extent they differ from or seek to characterize those writings.

158. These allegations refer to writings that speak for themselves. They are denied to the extent they differ from or seek to characterize those writings.

**G. WGH Violated Industry Standards**

159. It is admitted only that duties of confidentiality apply with regard to medical providers. The remaining allegations are denied.

160. These allegations refer to writings that speak for themselves. They are denied to the extent they differ from or seek to characterize those writings.

161. These allegations refer to writings that speak for themselves. They are denied to the extent they differ from or seek to characterize those writings.

162. These allegations refer to writings that speak for themselves. They are denied to the extent they differ from or seek to characterize those writings.

163. These allegations refer to writings that speak for themselves. They are denied to the extent they differ from or seek to characterize those writings.

**H. Plaintiffs' and Class Members' Expectation of Privacy**

164. Denied.

**I. IP Addresses are Personally Identifiable Information**

165. These allegations require expert analysis and, as a result, Defendant lacks sufficient information to form a belief as to the truth of the allegations and, on that basis, denies the allegations.

166. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

167. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

168. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

169. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

170. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

171. These allegations refer to writings that speak for themselves. They are denied to the extent they differ from or seek to characterize those writings.

172. Denied

**J. WGH Was Enriched and Benefitted from the Use of The Pixel and Unauthorized Disclosures**

173. Denied.

174. Denied.

175. Denied.

176. Denied.

**K. Plaintiffs' and Class Members' Private Information Has Financial Value**

177. Denied.

178. Denied.

179. Denied.

180. Paragraph 180 is blank

181. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

182. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

183. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

184. These allegations refer to writings that speak for themselves. They are denied to the extent they differ from or seek to characterize those writings.

## TOLLING, CONCEALMENT, AND ESTOPPEL

185. Denied.

186. Denied.

187. Denied.

188. Denied.

## CLASS ALLEGATIONS

189. These allegations constitute legal conclusions, to which no response is required.

190. Defendant denies that this case can proceed as a class action and that this is an appropriately defined class.

191. Defendant denies that this case can proceed as a class action and that this is an appropriately defined class.

192. Denied.

193. Denied

194. Denied

195. Denied.

196. Denied.

197. Denied.

198. Denied.

199. Denied.

200. Denied.

201. Denied.

202. Denied.

203. Denied.

204. Denied.

205. Denied.

**<u>COUNT I</u>**
**NEGLIGENCE**
**(ON BEHALF OF PLAINTIFFS AND THE CLASS)**

206. Defendant incorporates the above paragraphs.

207. These allegations constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, these allegations are denied.

208. Denied.

209. These allegations constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, these allegations are denied.

210. Denied.

211. Denied.

212. Denied.

213. Denied.

214. Denied.

**<u>COUNT II</u>**
**NEGLIGENCE PER SE**
**<u>(ON BEHALF OF PLAINTIFFS AND THE CLASS)</u>**

215. No response required to this dismissed claim.

216. No response required to this dismissed claim.

217. No response required to this dismissed claim.

218. No response required to this dismissed claim.

219. No response required to this dismissed claim.

220. No response required to this dismissed claim.

221. No response required to this dismissed claim.

222. No response required to this dismissed claim.

223. No response required to this dismissed claim.

224. No response required to this dismissed claim.

225. No response required to this dismissed claim.

226. No response required to this dismissed claim.

227. No response required to this dismissed claim.

**COUNT III**
**INVASION OF PRIVACY**
**(ON BEHALF OF PLAINTIFFS AND THE CLASS)**

228. Defendant incorporates, by reference, its previous responses as set forth above.

229. These allegations constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, these allegations are denied.

230. It is admitted only that individual patients could communicate information via the Patient Portal. It is denied that they communicated information in any other manner utilizing Defendant's website.

231. Denied.

232. After reasonable investigation, Defendant is unable to determine the truth of the allegations of this paragraph and, therefore, they are denied.

233. Denied

234. Denied.

235. Denied.

236. Denied.

237. Denied.

**COUNT IV**
**BREACH OF IMPLIED CONTRACT**
**(ON BEHALF OF PLAINTIFFS AND THE CLASS)**

238. Defendant incorporates, by reference, its previous responses as set forth above.

239. Denied.

240. Denied.

241. These allegations constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, these allegations are denied.

242. These allegations constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, these allegations are denied.

243. These allegations constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, these allegations are denied.

244. Denied.

245. Denied.

246. Denied.

247. Denied.

248. Denied.

## COUNT V
## UNJUST ENRICHMENT
## (ON BEHALF OF PLAINTIFFS AND THE CLASS)

249. Defendant incorporates, by reference, its previous responses as set forth above.

250. These allegations constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, these allegations are denied.

251. Denied.

252. Denied.

253. Denied.

254. Denied.

255. Denied.

256. Denied.

**COUNT VI**
**BREACH OF FIDUCIARY DUTY**
**(ON BEHALF OF PLAINTIFFS AND THE CLASS)**

257. Defendant incorporates, by reference, its previous responses as set forth above.

258. Denied.

259. Denied.

260. Denied.

261. Denied.

262. Denied.

263. Denied.

**COUNT VII**
**VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 PA. STAT.§ 20101 ET. SEQ. ("UTPCPL")**
**(ON BEHALF OF PLAINTIFFS AND THE CLASS)**

264. Defendant incorporates, by reference, its previous responses as set forth above.

265. These allegations constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, these allegations are denied.

266. These allegations constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, these allegations are denied.

267. These allegations constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, these allegations are denied.

268. Denied

269. Denied.

270. Denied.

271. Denied.

272. Denied.

273. Denied

274. Denied.

275. Denied.

276. These allegations constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, these allegations are denied.

277. Denied.

278. Denied.

**COUNT VIII**
**VIOLATION OF THE PENNSYLVANIA WIRETAPPING AND ELECTRONIC SURVEILLANCE CONTROL ACT 18 PA. C.S. § 5701, ET SEQ. ("WESCA") (ON BEHALF OF PLAINTIFFS AND THE CLASS)**

279. Defendant incorporates, by reference, its previous responses as set forth above.

280. These allegations constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, these allegations are denied.

281. These allegations constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, these allegations are denied.

282. These allegations constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, these allegations are denied.

283. These allegations constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, these allegations are denied.

284. These allegations constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, these allegations are denied.

285. These allegations constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, these allegations are denied.

286. These allegations constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, these allegations are denied.

287. Denied.

288. Denied.

289. Denied.

290. Denied.

291. These allegations constitute legal conclusions, to which no response is required. To the extent a response is deemed necessary, these allegations are denied.

292. Denied.

## AFFIRMATIVE DEFENSES

293. Plaintiffs' claims and those of the putative Class Members fail to state a claim on which relief can be granted.

294. Plaintiffs' claims and those of the putative Class Members are barred, in whole or in part, by waiver.

295. Plaintiffs' claims and those of the putative Class Members are barred, in whole or in part, based on their consent.

296. Plaintiffs' claims and those of the putative Class Members are barred, in whole or in part, by release.

297. Plaintiffs' claims and those of the putative Class Members are barred, in whole or in part, by estoppel.

298. Plaintiffs' claims and those of the putative Class Members are barred, in whole or in part, by laches.

299. Plaintiffs' claims and those of the putative Class Members are barred, in whole or in part, or are reduced by their failure to mitigate damages.

300. Plaintiffs' claims and those of the putative Class Members are barred, in whole or in part, based on the applicable statute of limitations.

301. Plaintiffs' and the putative Class Members' damages, if any, were the result of a supervening and/or intervening cause, which actions bar, preclude and/or diminish Plaintiffs' and the putative Class Members' recovery against Defendant.

302. Plaintiffs' claims and those of the putative Class Members are barred, in whole or in part, because their alleged damages were caused by Plaintiffs' or the putative Class Members' own actions or by a third party.

303. Plaintiffs' claims and those of the putative Class Members are barred, in whole or in part, by their assumption of risk.

304. Plaintiffs' claims and those of the putative Class Members are barred, in whole or in part, by them granting a license.

305. Plaintiffs' claims and those of the putative Class Members are barred, in whole or part, by the doctrine of election of remedies, because they seek inconsistent and conflicting relief that will more than make them whole.

306. Plaintiffs' claims and those of the putative Class Members are barred, in whole or in part, because they have failed to join necessary and indispensable parties to this action.

307. Plaintiffs' claims and those of the putative Class Members are barred, in whole or in part, because at all times Defendant acted in good faith and in compliance with any applicable statutes and/or regulations.

308. Plaintiffs' claims and those of the putative Class Members must be reduced, in whole or part, by an appropriate set off to the extent that Plaintiffs or the putative Class Members owe or have due any amounts to Defendant.

309. Plaintiffs and the putative Class Members lack standing.

310. The imposition of aggregated, class-wide damages in this case would be excessive and violate Defendant's due process and other Constitutional rights.

311. This case is improper for resolution on a class-wide basis because the putative class does not meet the requirements of Federal Rule of Civil Procedure 23. Specifically, Plaintiffs are not adequate representatives of any purported class; their claims are not typical; common questions of law or fact affecting the individual members of the class do not predominate; a class action is neither manageable nor superior; and/or there is no ascertainable class with a community of interest.

312. Plaintiffs' and the putative Class Members' causes of action are barred, in whole or in part, because there is no basis for injunctive relief in this action.

313. Plaintiffs and the putative Class Members have suffered no actual injury or legally cognizable damages and their purported damages, if any, are speculative and/or uncertain and therefore not compensable.

314. To the extent Plaintiffs have suffered any injury, the injury resulted from the Plaintiffs intentionally placing their personal information at risk for purposes of manufacturing a legal claim against Defendant.

315. If Plaintiffs were injured and damaged as alleged, the injuries and damages are the results and omissions of others, not Defendant.

316. Plaintiffs and/or putative Class Members' claims are preempted, in whole or in part, by Federal law, and are barred as a result of HIPAA's prohibition of any private cause of action.

317. Plaintiffs' claims are preempted in full or in part by the HITECH Act and similar statutes requiring patient access to electronic health records.

318. Plaintiffs' use and agreement to the terms of use of websites, social media platforms, and other services is conduct that created an implied license for the information sharing alleged in the Amended Complaint.

319. Plaintiffs' continued act of taking advantage of the benefits and services provided in the websites and patient portal described in the Complaint after becoming aware of their claims constitute an implied release of those claims.

320. The information relating to the Plaintiffs that is alleged to have been shared was publicly available or otherwise nonprivate information.

321. Plaintiffs assumed the risk of any information about their web browsing being shared with third parties by voluntarily using the internet and using internet-based services.

322. Plaintiffs' claims are barred in whole or in part by the Dormant Commerce Clause.

323. The information relating to Plaintiffs' web browsing that Defendant allegedly shared with third parties did not identify Plaintiffs individually and therefore any violation of Plaintiffs' privacy rights was caused by the actions of third parties.

324. The lack of discovery and the aggregated nature of Plaintiffs' claims, in particular with respect to absent putative Class Members, makes an analysis of all potential affirmative defenses that might be applicable to any given absent Class Member infeasible at this time. Defendant expressly reserves the right to assert additional affirmative defenses as the case progresses.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for judgment as follows:

1. That the Court dismiss the Amended Complaint with prejudice;

2. That Plaintiffs receiving nothing by way of the Amended Complaint;

3. That Plaintiffs' prayer for relief is denied;

4. That judgment be entered in favor of Defendant and against Plaintiffs;

5. For costs of suit incurred herein, including attorney fees and expenses; and

6. For such other and further relief as the Court deems just.

Respectfully submitted,

KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.

BY: /s/*Antonio J. Frisina*

Neal R. Devlin, Esq.
PA ID No. 89223
ndevlin@kmgslaw.com
Antonio J. Frisina, Esq.
PA ID No. 338650
afrisina@kmgslaw.com
120 West Tenth Street
Erie, Pennsylvania 16501
Telephone: (814) 459-2800
Fax: (814) 453-4530

Attorneys for Defendant,
Warren General Hospital

4897-2006-2663 v.1